Davis, P. J.
The question presented in this case has been passed upon in another action by two special terms of the superior court adversely to the contention of the appellants. The special term of this court seems to have felt bound by those decisions and to have acted with due regard to the unseemly conflict that would exist if different judgments were given upon substantially the same controversy in two courts of concurrent jurisdiction. This court being an appellate tribunal is at liberty of course to consider the question as not res adjudicata by reason of the decision of either special term; but we cannot fail to observe that unless we are convinced that the judgment of the superior court is manifestly erroneous, it is more judicious to follow it than to subject the parties interested in the respective adjudications to the necessity of carrying to the court of last resort two conflicting decisions of substantially the same question.
Wo are by no means free from doubt as to the correctness of the ruling of the special term, that the will of Mrs. Riggs was merely the execution of a power granted to herself by her antenuptial conveyance to the trustees of her estate. The trust created by her deed was for one year if she did not marry within that time, and during coverture if she did so marry. Having married within the year, the grant was during coverture and not for life. She died while covert, and the coverture ended with her life, and there was no point of time when the estate conveyed to her trustees created a trust for her own life or the life of her husband, though the death of either would have terminated the estate. In fact, the estate granted to the *665 trustees lasted for her life, but that was the result of accident and not of any provision or limitation of the grant. Nor did the estate created by the deed to the trustees suspend the absolute power of alienation. “Such power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed.” 1 E. S., § 14, p. 11, chap. 1, title 2.
An absolute fee could have been conveyed by the joint action of Mrs. Riggs and her trustees co-operating to that end, for under the married woman’s act of 1848, as amended in 1849, the disabilities of coverture were so far removed that a married woman could “take by inheritance, gift, grant or devise from any person other than her husband, and hold to her sole and separate use, and convey and devise real and personal property and any interests, and the rents, issues and profits thereof with like effect as if she were unmarried;” and by the second section of the act of 1849 express provision was made for the termination of trusts for the benefit of a married woman and the conveyance to her by her trustees of all the property held in trust “for her sole and separate use and benefit.” There was, therefore, in our opinion, no such absolute suspension of the power of alienation during the life of Mrs. Riggs as affects in anywise the questions involved in the case.
The trust deed provided that in case of the decease of Mrs. Riggs during her coverture the trustees shall “ grant bargain, assure and deliver all and whatsoever shall remain of the trust estate unto such devisee or devisees in such share and proportions as she, ” etc., “by her last will and testament she may direct.” In default of such disposition by will the trustees were to convey the trust property unto such person or persons living at the death of Mrs. Riggs as should be her heir or heirs at law entitled to take the same by d >scent from her. Those “ persons ” were the children of Mrs. Riggs bom during her coverture and living at her decease; and the principal question of this case is whether they take under the provision of the deed last referred to, as her heirs entitled to inherit from her by our laws of descent, or under the devises of her will. The will puts the property in trust for the use and benefit of the children during their lives and disposes of the remainder in fee. It is contended by the respondents that the will of Mrs. Riggs was, and could only be executed under a power created by the trust deed; and that in executing that power she could not create a trust estate for the benefit of her children which operated to prevent the absolute alienation of the real estate in fee for any period because her children, the beneficiaries of the trust, were not in being at the time the power was *666 created. Of course, the children being the fruits of the marriage were not in esse at the time of the execution of the deed of trust. The arbitrary rules of the statutes invoked are those that declare that “ The absolute of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of not more than two lives in being at the creation of the estate.”
This rule would be complied with by the fact that the children who are beneficiaries under the will of Mrs. Biggs were in being at the time her will took effect to create the trust estate in their favor. But another rule declares that “ The period during which the absolute power of alienation may be suspended by an instrument in execution of a power shall be computed not from the date of such instrument, but from the time of the creation of the .power.” The power contained in the deed of Mrs. Biggs to her trustees was created at the execution of that instrument prior to her marriage, and if the period of the suspension of alienation under the trust created by her will is to be computed from that date, then it is not limited by two lives in being at the time of the creation of the estate within the requirement of the statute. We have grave doubt whether this case is within these statutory rules, but we shall not further pursue the subject because as we assume, the question will soon receive the consideration of the court of appeals, and be finally determined, and we think .our better course is to' dispose of it by affirming the judgment.
The judgment should, therefore, be affirmed with costs of the appeal to all parties out of the fund.
Brady and Daniels, JJ., concur. ,